O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIUSGUERA A. AVILA REVOLORIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> C&R CANOGA PARK, L.P. et al., <br><br> Defendants. | Case No. 2:09-cv-04572-ODW(RZx) <br><br> **ORDER DENYING MOTION TO VACATE DISMISSAL AND ENFORCE SETTLEMENT [50]** |

Plaintiffs Jiusguera A. Avila and Herrera Orantes's Motion to Vacate the Dismissal and Enforce the Settlement between the parties is currently before the Court. (Dkt. No. 50.)  Having carefully considered the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; C. D. Cal. L. R. 7-15.

Plaintiffs' Fair Labor Standards Act settlement in this wage-and-hour lawsuit is taxable income because the settlement is not "on account of personal injury or sickness." *See* 26 U.S.C. § 104(a)(2) (excluding from gross income only "the amount of damages (other than punitive damages ) received (whether by suit or agreement and whether as lump sum or as periodic payments) *on account of personal physical injuries or physical sickness*" (emphasis added)); *c.f. C.I.R. v. Schleier*, 515 U.S. 323, 330 (1995) ("[R]ecovery of back wages [under the Age Discrimination in

1  Employment Act] . . . does not fall within § 104(a)(2)'s exclusion because it does not
2  satisfy the critical requirement of being 'on account of personal injury or sickness.'")
3  Thus, regardless whether the settlement agreement explicitly contemplated production
4  of W-9s as a condition precedent to payment under the settlement, Defendant must
5  report the settlement payment to Plaintiffs.  *See* 26 U.S.C. § 6041(a).  This necessarily
6  will require Plaintiffs to furnish W-9s to Defendant as a condition of the settlement.
7  Plaintiffs' Motion is therefore **DENIED**.

**IT IS SO ORDERED.**

April 17, 2012

_____
**HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**